FILED
SUPERIOR COURT
OF GUAM

2021 APR 15 PM 4:30

CLERK OF COURT

By:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0132-12**<br>GPD Report No. 12-06118 |
| v. | |
| **MUKI JOSEPH REDHART CALLAHAN,**<br>DOB: 06/17/1995 | **DECISION AND ORDER**<br>**DENYING THE PEOPLE'S MOTION TO**<br>**CONTINUE TRIAL** |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on April 12, 2021 for hearing on the People of Guam's ("the People's") Motion to Continue Trial ("Motion"). Assistant Attorney General Sean Brown represents the People, and Assistant Public Defender Jocelyn M. Roden represents Muki Joseph Redhart Callahan ("Defendant"). Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** the People's Motion.

### BACKGROUND

Defendant is accused of <u>Charge One</u>: *Six Counts* of First Degree Criminal Sexual Conduct (as a 1st Degree Felony), <u>Charge Two</u>: First Degree Criminal Sexual Conduct (as a 1st Degree Felony), <u>Charge Three</u>: First Degree Criminal Sexual Conduct (as a 1st Degree Felony), <u>Charge Four</u>: *Six Counts* of Second Degree Criminal Sexual Conduct (as a 1st Degree Felony), <u>Charge Five</u>: Second Degree Criminal Sexual Conduct (as a 1st Degree Felony), <u>Charge Six</u>: Second Degree Criminal Sexual Conduct (as a 1st Degree Felony), and <u>Charge Seven</u>: Second Degree Criminal Sexual Conduct (as a 1st Degree Felony). Superseding Indictment (Jun. 21, 2012). The victims in this case are K.R.F. (DOB: 04/02/2003) and M.J.T. (DOB: 01/26/2007). <u>Id</u>.

Decision and Order Denying The People's Motion To Continue Trial
CF0132-12, *People of Guam v. Muki Callahan*
Page **1** of **5**

On January 8, 2021, Defendant asserted his right to a speedy trial at the Pre-trial conference, pursuant to 8 G.C.A. § 80.60(a)(2). Assertion of Speedy Trial (Jan. 8, 2021). On January 18, 2021, the Guam Supreme Court issued Administrative Order No. ADM21-001, tolling time periods involving speedy trial through February 28, 2021. Subsequently, the Guam Supreme Court issued Administrative Order No. ADM21-002, extending the speedy trial clock tolling period until April 1, 2021.

A Scheduling Order was issued which set jury selection and trial for April 19, 2021. Trial Scheduling Order (Apr. 8, 2021).

On March 19, 2021, the People filed their Motion to Continue Trial. The People argue that there is good cause to continue the trial to a date certain after June 12, 2021. Motion at 2. The People request this date because one of the victims (K.R.F.) is attending and graduating high school in Washington State this year. Id. at 2. The People also requested this date because one of their expert witnesses needs to fly in from off-island and wait out a quarantine period. Court Recording ("CR") at 10:31:00 (Apr. 12, 2021).

On March 29, 2021, Defendant filed his Opposition to Motion to Continue Trial and, Alternatively Motion to Dismiss for Violation of Speedy Trial ("Opposition"). Defendant argues that this Motion violates his right to a speedy trial, even in light of the Administrative Orders. Opposition at 2. Defendant also argues that the case should be dismissed for violation of his right to speedy trial. Id. at 3-4.

The Court held a hearing on April 12, 2021. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

The trial of any defendant, who is in custody at the time of his arraignment, must commence within forty-five (45) days of his arraignment or the charges will be dismissed for violating the defendant's right to a speedy trial. 8 G.C.A. § 80.60(a)(2). "No continuance of a trial shall be granted except upon affirmative proof in open court, upon reasonable notice, that the ends of justice require a continuance." 8 G.C.A. § 80.50(b)

Decision and Order Denying The People's Motion To Continue Trial
CF0132-12, *People of Guam v. Muki Callahan*
Page 2 of 5

When analyzing whether "the ends of justice require a continuance", the Supreme Court of Guam adopted a four-factor test. *People v. Blas*, 2016 Guam 19, ¶ 26 (adopting factors in *People v. Ulloa*, DC Crim. No. 87-00020A, 1988 WL 242607 (D.Guam. App. Div. 1988) citing *U.S. v. Pope*, 841 F.2d 954, 956 (9th Cir. 1988)). Under that test, the court should evaluate: (1) the prosecutor's "diligence in preparing for trial", (2) "the likely utility of a continuance", (3) "the inconvenience to the court and the opposing party", and (4) "prejudice resulting from a denial". Id. at ¶ 26.

1. **Because the People's requested continuance goes beyond the Defendant's speedy trial window, it must be required "by the ends of justice."**

Here, the Defendant asserted his right to speedy trial on January 8, 2021. Assertion of Speedy Trial (January 8, 2021). However, under Administrative Order Nos. ADM21-001 and ADM21-002, the Defendant's 45 day speedy trial clock did not start running until April 1, 2021. This means Defendant's trial must commence on/before May 16, 2021, absent a properly granted continuance. Because the People are requesting a continuance until at least June 12, 2021, they must show that it is required by "the ends of justice." *See* 8 G.C.A. § 80.50(b).

2. **Based on an evaluation of the four factors adopted in *Blas*, the People's requested continuance is not required by "the ends of justice."**

Analyzing factor one, there is nothing to suggest this requested delay stems from a lack of preparation for trial or as a delaying tactic. The requests stem from a quarantine period potentially preventing witnesses from testifying in-person, and from a witness's school schedule. Both of these are factors outside of the People's control.

However, the utility of the continuance is weak. The Court sympathizes that K.R.F. finds it inconvenient to disrupt her education and graduation by flying to Guam to testify. However, this inconvenience does not actually prevent her from testifying. K.R.F. can still fly to Guam, testify, attend school virtually, and make it back to Washington State in time for her June 12, 2021 graduation. While it may not be convenient for her, it is not impossible, and doesn't completely undercut the Prosecution's case. Furthermore, the expert

Decision and Order Denying The People's Motion To Continue Trial
CF0132-12, *People of Guam v. Muki Callahan*
Page 3 of 5

witness may very well be able to obtain a Critical Services Worker exception from the 14-day quarantine period, allowing them to also provide in-person testimony.

The inconvenience and prejudice that such a continuance brings to the Defendant clearly outweighs its utility. "In evaluating prejudice, a court must consider three interests protected by the speedy trial right: (1) preventing oppressive pretrial incarceration, (2) minimizing anxiety and concern of the defendant, and (3) limiting the possibility that the defense will be impaired." *People v. Flores*, 2009 Guam 22, ¶ 49. Continuing the trial roughly a month after Defendant's speedy trial clock runs out would harm all three of these interests, depriving him of his Sixth Amendment right to a speedy trial. This is a fundamental right of the Defendant, and the Court will not violate it based on what is and isn't convenient for the witnesses. Taken together, the People's requested continuance is clearly not required by the ends of justice.

3. **The case should not be dismissed as Defendant's speedy trial rights have not been violated.**

Lastly, Defendant argues for dismissal of this case for violation of his right to speedy trial. Opposition at 3-5. Defendant asserted his right to speedy trial on January 8, 2021. Assertion of Speedy Trial (Jan. 8, 2021). This ordinarily starts the Defendant's 45-day speedy trial clock, placing his trial start date on/before February 22, 2021. However, the Guam Supreme Court tolled time periods involving speedy trial through April 1, 2021, meaning Defendant's 45-day speedy trial clock now ends on May 16, 2021. *See* Administrative Order Nos. ADM21-001 and ADM21-002.

The Supreme Court of Guam adopted a four-factor balancing test used in *Barker v. Wingo*, 407 U.S. 514 (1972) to determine if a delay violates the Defendant's speedy trial rights. *Flores* at ¶ 42. Under the *Barker* test, the following factors are to be considered: (1) the length of the delay; (2) the reason for the delay; (3) the Defendant's assertion of his right to a speedy trial; and (4) the presence or absence of prejudice resulting from the delay. Id. at ¶ 42.

Decision and Order Denying The People's Motion To Continue Trial
CF0132-12, *People of Guam v. Muki Callahan*
Page **4** of 5

Administrative Order Nos. ADM21-001 and ADM21-002 tolled Defendant's speedy trial clock by roughly three months. The Court recognizes three months is no small period, but finds it a necessary response to the once-in-a-century pandemic that struck Guam. The Guam Supreme Court postponed all jury trials and new grand jury empanelments. Administrative Order 20-392. This delay was necessary to protect the health and safety of attorneys, court employees, potential jurors, and criminal defendants such as Muki Callahan. While the prosecution delayed bringing Defendant's case to trial, this was done in compliance with orders set forth by the Judiciary of Guam. There was adequate justification for the prosecution's delay, and the People have continued to diligently further this matter as best they can despite the external circumstances that necessitated the delay. Therefore, Defendant's speedy trial rights have not been violated and the case will not be dismissed.

<u>CONCLUSION</u>

For the reasons stated above, the Court **DENIES** the People's Motion. Defendant's trial will not be continued until June 12, 2021 or any date thereafter. The case will proceed to trial as scheduled, as Defendant's speedy trial rights have not been violated.

**IT IS SO ORDERED** this ___APR 1 5 2021___ *nunc pro tunc* April 12, 2021.



**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

AG, PDSC

Date: 4/15/21 Time: 4:38 pm

Antonio Cruz
Deputy Clerk, Superior Court of Guam

Decision and Order Denying The People's Motion To Continue Trial
CF0132-12, *People of Guam v. Muki Callahan*
Page **5** of 5